```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAI`I
_____
JAMES ARMSTRONG,                    )
                                    )
              Petitioner,            )
                                    )
     v.                              ) Civ. No. 18-00326 ACK-RLP
                                    )
HAWAIIAN AIRLINES, INC., a Hawai`i  )
Corporation; JOHN DOES 1-10; JANE   )
DOES 1-10; DOE CORPORATIONS 1-10    )
DOE PARTNERSHIPS 1-10; DOE          )
GOVERNMENTAL AGENCIES 1-10          )
                                    )
              Respondents.           )
_____)
```

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF JAMES ARMSTRONG'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

For the reasons set forth below, the Court AFFIRMS the Order Denying Plaintiff James Armstrong's Motion for Leave to File Second Amended Complaint, ECF No. 24, issued by Magistrate Judge Richard L. Puglisi on February 28, 2019.

**BACKGROUND**

As the parties are familiar with the facts and procedural history of this case, the Court will provide only a brief overview of the proceedings most relevant to the issues raised by the Magistrate Judge's Order Denying Plaintiff James Armstrong's Motion for Leave to File Second Amended Complaint (the "02/28/2019 Order").

Plaintiff James Armstrong ("Plaintiff Armstrong") filed this action against Defendant Hawaiian Airlines, Inc.

1

("Defendant Hawaiian Airlines") and numerous Doe Defendants in Hawai`i state court on March 9, 2018. ECF No. 1-2. Plaintiff Armstrong filed a First Amended Complaint ("FAC") in Hawai`i state court on July 24, 2018. ECF No. 1-4. The FAC asserts claims for negligence and discriminatory practices related to events that took place in Australia's Brisbane International Airport on March 12, 2016. See id. Defendant Hawaiian Airlines timely removed the case to federal court on August 21, 2019 on the basis of federal question jurisdiction.[1/] ECF No. 1.

On January 18, 2019, Plaintiff Armstrong filed a Motion for Leave to File Second Amended Complaint ("Motion"). ECF No. 27. Defendant Hawaiian Airlines filed a Memorandum in Opposition on February 1, 2019, ECF No. 29, and Plaintiff Armstrong filed a Reply on February 15, 2019. ECF No. 32.

In his Motion, Plaintiff Armstrong requested leave to file a Second Amended Complaint to name Qantas Airways Limited ("Qantas"), an Australian Company, as a defendant. See ECF No. 27. Plaintiff Armstrong alleges that he recently learned

---

[1/] Defendant Hawaiian Airlines avers that federal law completely preempts Plaintiff Armstrong's state law claims because his claims are governed by the Convention for the Unification of Certain Rules for International Carriage by Air, conventionally known as the Montreal Convention. See ECF No. 1 at 5-6. Defendant Hawaiian Airlines states that the Montreal Convention provides the exclusive remedy for injuries suffered in the course of international air travel, including in the course of embarking on or disembarking from such travel. Id. at 6.

2

through discovery that his injuries were caused by a Qantas employee.  See id.

In the 02/28/2019 Order, the Magistrate Judge noted the parties' agreement that any claims against Qantas are subject to a two-year statute of limitations, which has run, and that the Court could grant Plaintiff Armstrong's request to name Qantas as a defendant only if the proposed amendment related back to the original Complaint filed on March 9, 2018. 02/28/2019 Order at 3.  The Magistrate Judge analyzed whether Plaintiff Armstrong satisfied the requirements of Federal Rule of Civil Procedure ("Rule") 15(c), which governs relation back of amendments, and concluded that Plaintiff Armstrong failed to meet the second and third requirements of Rule 15(c).  See id. Because the proposed amendment to name Qantas as a defendant did not relate back, the Magistrate Judge ruled that the proposed amendment was futile and denied Plaintiff Armstrong's Motion. Id. at 9.

On March 14, 2019, Plaintiff Armstrong timely filed Objections to the 02/28/19 Order.[2/]  ECF No. 36.  Defendant

---

[2/] Plaintiff Armstrong's Objections were filed pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule of Practice for the District of Hawai`i ("Local Rule") 74.2, or in the alternative, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 74.1. Objections at 2.  Section 636(b)(1)(C) and Local Rule 74.2 govern objections to findings and recommendations ("F&R") issued by magistrate judges on dispositive matters, while § 636(b)(1)(A) and Local Rule 74.1 govern objections to orders

3

Hawaiian Airlines filed a Memorandum in Opposition to Objections ("Opposition") on March 28, 2019. ECF No. 37.

## **STANDARD OF REVIEW**

The parties have a threshold dispute as to the standard that the Court should apply to its review of the Magistrate Judge's 02/28/2019 Order. Plaintiff Armstrong argues, without citing any authorities, that the 02/28/2019 Order is dispositive because it prevents him "from asserting his claims against the real party in interest." Objection at 3. Defendant Hawaiian Airlines argues that the 02/28/2019 Order is nondispositive and cites numerous cases from this District in support of its argument. Opposition at 9–10.

To determine the appropriate standard of review, the Court must decide whether in this case a denial of a motion to amend a complaint to add a new defendant is dispositive or nondispositive of any claim or defense. JJCO, Inc. v. Isuzu Motors Am., Inc., Civ. No. 08-00419 SOM-LEK, 2009 WL 3818247, at *2 (D. Haw. Nov. 12, 2009).

A magistrate judge's jurisdiction to issue an order, rather than to issue an F&R to the district court, is dependent on whether the matter before the magistrate judge is

---

issued by magistrate judges on nondispositive matters. In either instance, objections must be filed no later than 14 days after the F&R or order is served on the parties. L.R. 74.2, 74.1.

4

characterized as dispositive or nondispositive of a claim or defense of a party. See 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72. A magistrate judge's order on a nondispositive matter may be reversed by the district judge only if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Fed. R. Civ. P. 72(a). By contrast, a magistrate judge's F&R on a dispositive matter is reviewed de novo when a party objects. 28 U.S.C. § 636(b)(1)(B), (C); see Fed. R. Civ. P. 72(b).

Nondispositive matters are those "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). In contrast, a dispositive matter involves the determination of the merits of the case or is critical in shaping the nature of the litigation. Kiep v. Turner, 80 B.R. 521, 523-24 (D. Haw. 1987). The Court must look to the "effect of the motion" to determine whether it is dispositive or nondispositive of a claim or defense of a party. United States v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004) (internal citations omitted).

A motion for leave to file an amended complaint is generally treated as a nondispositive matter. Au v. Funding Group, Inc., Civ. No. 11-00541 SOM-KSC, 2012 WL 3686893, at *1 (D. Haw. Aug. 24, 2012); JJCO, Inc., 2009 WL 3818247, at *2 (collecting cases). However, some courts view as dispositive a

5

magistrate judge's order denying a motion for leave to amend where the movant sought to assert a new claim or defense and the denial is based on futility. See JJCO, Inc., 2009 WL 3818247, at *2-3 (discussing cases). Other courts view such orders as nondispositive and subject to review for clear error. Id. at *3 (citing Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006)).

In Hall, the plaintiff sued the wrong defendant and sought to amend his complaint to add the proper party defendant. 469 F.3d at 593. Amendment was only possible under Rule 15(c) because the statute of limitations had expired. Id. The Seventh Circuit considered 28 U.S.C. § 636(b)(1)(A), which lists dispositive motions on which a magistrate judge may not issue a final ruling absent review by a district judge, and the relevant local rules of practice, and held that the magistrate judge's denial of the plaintiff's motion to amend his complaint to add another defendant under Rule 15(c) was nondispositive. Id. at 595. The court specifically found that "[t]he magistrate judge's denial of [the plaintiff]'s motion to amend his complaint did not terminate his existing lawsuit against [the defendant], it merely prevented him from adding" another defendant. Id.

Plaintiff Armstrong's situation is remarkably similar to the plaintiff's situation in Hall. Here, Plaintiff Armstrong

sued the wrong defendant and now seeks to amend his FAC under Rule 15(c) to name another defendant. As in Hall, the Magistrate Judge's denial of Plaintiff Armstrong's Motion did not terminate his existing lawsuit against Defendant Hawaiian Airlines—it merely prevented him from adding Qantas as another defendant. Moreover, the Local Rules do not designate such motions as case-dispositive pretrial matters that require a magistrate judge to issue an F&R for disposition by a district judge. See L.R. 72.4. Finally, the parties have identified no Ninth Circuit case, and the Court knows of none,[3] requiring de novo review of a magistrate judge's order denying a plaintiff leave to amend a complaint to add a defendant under Rule 15(c).

Accordingly, the Court finds that the Magistrate Judge's 02/28/2019 Order is nondispositive and subject to the clearly erroneous standard of review. Under the clearly erroneous standard, a magistrate judge's ruling must be accepted unless, after reviewing the entire record, the district judge is "left with the definite and firm conviction that a mistake has been committed." United States v. Hinkson, 585 F.3d 1247, 1260 (9th Cir. 2009) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district judge may not simply

---

[3] The only occasion in which the Ninth Circuit has addressed the Seventh Circuit's decision in Hall is in a footnote expressing no opinion as to whether Hall was correctly decided. See Bastidas v. Chappell, 791 F.3d 1155, 1164 n. 7 (9th Cir. 2015).

substitute his or her judgment for that of the magistrate judge. See Hinkson, 585 F.3d at 1261. Instead, the scope of review is limited "to determining whether the [] court reached a decision that falls within any of the permissible choices the court could have made." Id. The magistrate judge's findings pass the clear error standard if they are not "illogical or implausible" and have "support in inferences that may be drawn from the facts in the record." Id. (quoting Anderson v. Bessemer City, 470 U.S. 564, 577 (1985)).

**DISCUSSION**

Plaintiff Armstrong argues that the Court should reverse the Magistrate Judge because he erred in finding that Plaintiff Armstrong made a conscious choice to file suit against Defendant Hawaiian Airlines and not against Qantas, and because the Magistrate Judge failed to find that justice required Plaintiff Armstrong's Motion to be granted. Objections at 2.

For the reasons discussed below, the Court finds that the Magistrate Judge did not err in denying Plaintiff Armstrong's Motion. Although the Court has determined that the 02/28/2019 Order was nondispositive, the Court would affirm the Magistrate Judge's denial of Plaintiff Armstrong's Motion even under a de novo standard of review.

The parties agree that the statute of limitations applicable to Plaintiff Armstrong's claims is two years, and

8

that because the incident giving rise to those claims occurred on March 12, 2016, the two-year statute of limitations has expired. See ECF Nos. 27, 29, and 32. Accordingly, Plaintiff Armstrong's claims against Qantas are time-barred unless the proposed amendments relate back to the date that the original Complaint was filed—March 9, 2016. See ECF No. 1-2.

"Federal Rule of Civil Procedure 15(c) is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." Korn v. Royal Caribbean Cruise Line, Inc., 724 F.2d 1397, 1399 (9th Cir. 1984) (citation omitted). Under Rule 15(c), an amendment changing the party against whom a claim is asserted will relate back to the original complaint only if: (1) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original complaint; (2) the party to be brought in by amendment has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Fed. R. Civ. P. 15(c). The second and third requirements must be satisfied within the period provided by Rule 4(m) for

serving the summons and complaint, which is 90 days. Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m).

    **I.**    **First Requirement of Rule 15(c)**

An amendment relates back to the date when the original complaint was filed if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence" set out in the original complaint. Fed. R. Civ. P. 15(c)(1)(B), (C). Defendant Hawaiian Airlines's Memorandum in Opposition to Plaintiff Armstrong's Motion states that "there is no dispute" that the claims to be asserted against Qantas meet the first requirement of Rule 15(c). ECF No. 29 at 12. Accordingly, the Court finds that the Magistrate Judge did not err in concluding that the first requirement of Rule 15(c) is met.

    **II.**    **Second Requirement of Rule 15(c)**

An amendment relates back if, within 90 days of the complaint being filed, the party to be added by amendment "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Plaintiff Armstrong filed the original Complaint in this action on March 9, 2018. ECF No. 1-2. For this requirement to be satisfied, Qantas must have received notice of the action within 90 days, or by June 7, 2018.

Nothing in the record indicates that Qantas received notice of the action by June 7, 2018. Plaintiff Armstrong

admits that he only learned Qantas might be responsible for his injuries in November 2018.  Objection at 6; see ECF No. 32-9, Pl. Decl. ¶ 9.  It appears that Plaintiff Armstrong had discussions with Qantas employees in October 2016 about the incident during another trip to Australia.  See ECF No. 29-7, Def. Ex. 5 at p. 3.  Any argument that these October 2016 discussions gave Qantas notice of the action is perplexing because Plaintiff Armstrong did not file his original Complaint until March 9, 2018.  Indeed, it is notice of the action, not notice of the incident, that is necessary to meet the requirement of Rule 15(c)(1)(C)(i).  Korn, 724 F.2d at 1400 (9th Cir. 1984) (citing Craig v. United States, 413 F.2d 854, 857–58 (9th Cir. 1969)).[4/]

Accordingly, the Court finds that the Magistrate Judge did not err in determining that the second requirement of Rule 15(c) is not met.

### III.   Third Requirement of Rule 15(c)

An amendement relates back if, within 90 days of the complaint being filed, the party to be added by amendment "knew or should have known that the action would have been brought

---

[4/] Plaintiff Armstrong's Reply asserts that an October 26, 2016 letter he received from Defendant Hawaiian Airlines in response to a grievance he filed with that airline somehow indicates that Qantas had knowledge of his claims.  ECF No. 32 at 8–9; ECF No. 32-7, Pl. Ex. 6.  Notwithstanding the fact that this letter predates the initial Complaint, the letter features no mention of Qantas whatsoever.  See Pl. Ex. 6.

against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). "The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the prospective defendant] as the proper defendant, but whether [the prospective defendant] knew or should have known that it would be named as a defendant but for an error." <u>Krupski v. Costa Crociere S.p.A.</u>, 560 U.S. 538, 548 (2010). Thus, "[t]he only question under Rule 15(c)(1)(C)(ii), then, is whether [the prospective defendant] knew or should have known that, absent some mistake, the action would have been brought against [the prospective defendant]." <u>Id.</u>

The Court finds that because Qantas did not receive notice of action within the 90 days after Plaintiff Armstrong filed his original Complaint, the third requirement of Rule 15(c) is not met. Indeed, if Qantas did not receive notice of the action within the 90-day Rule 4(m) period, it is impossible for Qantas to have known, within that same time period, that it would have been named as a defendant but for a mistake concerning the proper defendant's identity.

Even if Qantas did timely receive notice of Plaintiff Armstrong's original Complaint for purposes of Rule 15(c)(1)(C)(i), the Court agrees with the Magistrate Judge's finding that the general allegations about the Doe Defendants

named in the Complaint would not have informed Qantas that, but for Plaintiff Armstrong's mistake, Qantas was the proper defendant.  02/28/2019 Order at 6-7.  Accordingly, the Court finds that the Magistrate Judge did not err in determining that the third requirement of Rule 15(c) is not met.

The Court notes that although the Magistrate Judge ruled that there is no indication in the record that Qantas knew or should have known that it would have been named as a defendant but for an error, the Magistrate Judge went further and also ruled that Plaintiff Armstrong made a conscious choice to sue Defendant Hawaiian Airlines rather than Qantas. 02/28/2019 Order at 6-7.  That additional ruling was not necessary to the determination that Plaintiff Armstrong did not meet the requirements of relation back under Rule 15(c). Indeed, the Supreme Court construed Rule 15(c)(1)(C)(ii) in Krupski and stated that "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim, and [the plaintiff] may mistakenly choose to sue a different defendant based on that misimpression.  That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied."  Id.

Additionally, the Court finds that the Magistrate Judge did not err in rejecting Plaintiff Armstrong's argument in

13

his Reply that amendment should be allowed under Hawai`i Rule of Civil Procedure 17(d). 02/28/2019 Order at 8. The Magistrate Judge correctly rejected this argument pursuant to Local Rule 7.4 because it was first raised in Plaintiff Armstrong's Reply, and because Plaintiff Armstrong offered no explanation as to why the Hawai`i Rules of Civil Procedure should apply in this case. Id.

Finally, the Court notes Plaintiff Armstrong's argument that the interests of justice require the Court to grant his Motion. Objections at 11-15. In support of this argument, Plaintiff Armstrong cites Rule 15(a)(2), which states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This argument is misplaced because, as the Court noted supra, Rule 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." Korn, 724 F.2d at 1399. Because parties do not dispute that the statute of limitations period has run, the Court finds that Plaintiff Armstrong's argument is without merit.

**CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge did not err in denying Plaintiff Armstrong's Motion and AFFIRMS the Magistrate Judge's 02/28/2019 Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, April 16, 2019.

Alan C. Kay
Sr. United States District Judge

Armstrong v. Hawaiian Airlines, et al., Civ. No. 18-00326 ACK-RLP, Order Affirming Magistrate Judge's Order Denying Plaintiff James Armstrong's Motion for Leave to File Second Amended Complaint