IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES ARMSTRONG, | ) CIVIL NO. 18-00326 ACK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF JAMES |
| | ) ARMSTRONG'S BILL OF COSTS |
| HAWAIIAN AIRLINES, INC., ET AL., | ) AND TO GRANT IN PART AND |
| | ) DENY IN PART PLAINTIFF'S |
| | ) AMENDED BILL OF COSTS |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF
JAMES ARMSTRONG'S BILL OF COSTS AND TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S AMENDED BILL OF COSTS

On December 5, 2019, Plaintiff James Armstrong filed a Bill of Costs seeking an award of $19,387.63 in costs. See ECF No. 215. Defendant Hawaiian Airlines, Inc. filed its Objections on December 12, 2019. See ECF No. 216. The Court directed Plaintiff to file a reply no later than December 19, 2019. See ECF No. 217. The day before his reply was due Plaintiff filed an Amended Bill of Costs, which seeks an award of $17,145.88 in costs and provides new documentation and legal arguments not previously raised. See ECF No. 218. Plaintiff filed his Reply on December 19, 2019, arguing that the Amended Bill of Costs was filed in response to Defendant's Objections. See ECF No. 219. Because Plaintiff's Reply presented arguments not previously raised, the Court

allowed Defendant to file a Sur-Reply, which was filed on January 3, 2020.  See ECF Nos. 220, 221.

After careful consideration of the parties' filings, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Bill of Costs be DENIED and Plaintiff's Amended Bill of Costs be GRANTED IN PART AND DENIED IN PART.[1]

## DISCUSSION

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). Under Rule 54(d), there is a presumption that the prevailing party will be awarded its taxable costs.  See Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th Cir. 2003).

### 1. Plaintiff's Failure to Comply with Local Rule 54.1

Defendant argues that the Court should deny Plaintiff's request for costs because his Bill of Costs and Amended Bill of Costs fail to comply with a

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Local Rule 54.1.  See ECF No. 216 at 6-8; ECF No. 221 6-9.  Local Rule 54.1(b) provides that, unless otherwise ordered by the Court, a Bill of Costs shall be filed within fourteen days after entry of judgment.  See LR54.1(b).  Local Rule 54.1(c) details the required "contents" of the Bill of Costs as follows:

> The Bill of Costs must state separately and specifically each item of taxable costs claimed.  It must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law.  The affidavit must also contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs and the results of such a conference, or explain why the conference was not held. . . . Any vouchers, bills, or other documents supporting the requested costs shall be attached as exhibits.

LR54.1(c).

The Clerk entered judgment in favor of Plaintiff on November 21, 2019 based on a jury verdict.  See ECF No. 211.  Plaintiff James Armstrong filed a Bill of Costs fourteen days later, on December 5, 2019, but then filed an Amended Bill of Costs on December 18, 2019.  Defendant argues that Plaintiff's original Bill of Costs is deficient because Plaintiff failed to file a memorandum in support, failed to set forth the grounds and authorities for the costs request, and failed to provide the required details for the copying costs requested.  See ECF No. 216 at 6-8.  Lastly, Defendant argues that Plaintiff's Amended Bill of Costs also fails to include the required memorandum in support and should be stricken as untimely

because it was filed more than fourteen days after entry of judgment and without leave of court.  See ECF No. 221 at 6-7.

Here, Plaintiff's filings are far from the model to support a request for taxation of costs.  For example, neither Plaintiff's Bill of Costs nor Amended Bill of Costs was supported by a separate memorandum setting forth the grounds and authorities supporting the requested costs.  See ECF Nos. 215, 218.  Instead, the declarations of counsel contain conclusory statements that all of the requested costs are allowed by law.  See ECF Nos. 218-1 ¶ 14; 215-1 ¶ 14.  Further, Plaintiff did not seek leave of Court to file his Amended Bill of Costs, which was filed well after the time allowed under Rule 54.

Based on his filing of an Amended Bill of Costs, it appears that Plaintiff has withdrawn his original Bill of Costs.  Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's Bill of Costs as MOOT.

As to Plaintiff's Amended Bill of Costs, it fails to comply with many requirements of the Local Rules. Yet, because the supporting invoices and receipts attached provide sufficient information about the requested costs, the Court FINDS that the interests of justice are better served by addressing the merits of the costs at issue instead of denying costs outright and RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Amended Bill of Costs as detailed below.

## 2. Certain Deductions are Appropriate

The costs that the Court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5. Docket fees under section 1923 of this title;
>
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.[2]  Plaintiff seeks costs in the amount of $17,145.88.  See ECF No. 218.  Each category of requested costs is addressed below.

### A. Fees of the Clerk

Section 1920(1) allows for taxation of costs for fees paid to the clerk.

---

[2] Plaintiff also argues that certain additional costs are allowable under the ADA.  See ECF No. 218-1 ¶ 7; ECF No. 219 11-13.  Although certain litigation expenses are recoverable in action brought under the ADA, the Montreal Convention governs Plaintiff's claims in this action as the district court explained in its prior order on summary judgment.  See ECF No. 67.  The Court disregards Plaintiff's meritless argument and declines to consider the Rule 11 sanctions suggested by Defendant.  See ECF No. 221 at 7-9.

See 28 U.S.C. § 1920(1). Plaintiff asks for an award of costs of $37.00 for the fees paid to the Court for copies of juror information cards. See ECF No. 218 at 1, 4. These costs are taxable as fees of the clerk. See Komperda v. Hilton Hotels Corp., 2010 WL 3489594, at *11 (D. Haw. Aug. 31, 2010) (recommending that the district court award costs related to juror cards). The Court FINDS that Plaintiff is entitled to costs of $37.00 for fees related to juror information cards.

### B. Fees for Service

Section 1920(1) allows for taxation of costs for service fees. See 28 U.S.C. § 1920(1). Local Rule 54.1(f)(1) provides that costs for service of subpoenas are allowable "to the extent they are reasonably required and actually incurred." LR54.1(f)(1). Plaintiff requests $127.00 for costs related to service of summons and a trial subpoena. See ECF No. 218 at 1, 5-6. The Court FINDS that Plaintiff is entitled to costs of $127.00 for fees related to service.

### C. Transcripts

Section 1920(2) permits the taxation of fees for "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff requests $6,519.23 for costs related to transcripts. See ECF No. 218 at 1. Defendant does not object to the overall costs for deposition transcripts; however, Defendant does object to the costs for the expedited transcripts for the hearing on Defendant's Motion for Summary Judgment and for the first day of trial arguing that these

transcripts were not necessary.  See ECF No. 216 at 14-15.  Plaintiff argues that these transcripts were obtained in preparation for trial because they were used to prepare Plaintiff's motions in limine and closing statement.  See ECF No. 219 at 10-11.  Because the requested transcripts were for a hearing on a dispositive motion and limited trial proceedings, the Court finds that these transcripts were ordered for use at trial and are taxable.  The Court FINDS that Plaintiff is entitled to costs of $6,519.23 for transcripts.

### D.  Printing and Copying Costs

Sections 1920(3) and (4) allow for taxation of costs for "printing" and for "making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(3), (4).  Pursuant to Local Rule 54.2(f)(4), the party requesting costs must provide an affidavit describing "the use of or intended purpose for the items copied."  LR54.2(f)(4).  Local Rule 54.2(f)(4) specifically provides that the cost of copies "obtained for the use and/or convenience of the party seeking recovery and its counsel is *not taxable*."  LR54.2(f)(4) (emphasis added).  In the Amended Bill of Costs, Plaintiff seeks costs of $1,056.45 for printing and costs of $844.92 for copies.  See ECF No. 218 at 1.

For printing costs, Plaintiff provided a chart reflecting $975.15 in costs related to in-house printing.  See ECF No. 218-4.  Plaintiff does not provide any explanation regarding the $81.30 discrepancy between the $1,056.45 in

printing costs listed on his Amended Bill of Costs and the $975.15 reflected in Plaintiff's chart.  See ECF Nos. 218, 218-4, 219.  The Court is unable to determine whether the discrepancy is a mathematical error or if Plaintiff neglected to include support for additional printing costs.  Accordingly, the Court finds that Plaintiff is not entitled to the $1,056.45 amount listed on the Amended Bill of Costs and examines only whether Plaintiff is entitled to the $975.15 in printing costs reflected in Plaintiff's chart.  Plaintiff's chart reflects that Plaintiff seeks costs for printing Defendant's filings and Court orders for use by Plaintiff's counsel.  See ECF No. 218-4.  The Court finds that these costs are not recoverable because the documents were for the use and convenience of Plaintiff's counsel.  See LR54.2(f)(4).  Accordingly, the Court FINDS that $404.55[3] of requested printing costs are not taxable.  The Court FINDS that the remaining costs of $570.60 for printing are taxable.

        For copying costs, Plaintiff requests $844.92 for copies made by Professional Image.  See ECF No. 218 at 1, 24-26.  Plaintiff's counsel's declaration in support of the Amended Bill of Costs states that these copies were for two courtesy copies of various trial-related submissions to the Court ($329.74), for "preparing Plaintiff's Witness List for trial for the Court" ($423.67), and for

---

[3] As reflected in Plaintiff's chart, 2,532 pages were for Defendant's filings and 165 pages were for Court orders, equaling 2,697 pages at 0.15 per page, or $404.55 to be deducted.  See ECF No. 218-4.

8

copies of Plaintiff's trial exhibits for Defendant ($91.51).  See ECF No. 218-1 ¶ 12.  As noted by Defendant, Plaintiff's witness list was only five pages and was submitted to the Court two weeks before the date of the applicable invoice.  See ECF No. 221 at 10 (citing ECF No. 105).  The Court finds that Plaintiff has failed to adequately describe the use of or intended purpose of these copies as required by Local Rule 54.2(f)(4).  The Court FINDS that $423.67 of requested copying costs are not taxable.  See ECF No. 218 at 25.  The Court FINDS that the remaining costs of $421.25 copying are taxable.

### E. Witness Fees

Section 1920(3) allows for taxation of costs for fees for witnesses.  See 28 U.S.C. § 1920(3).  Local Rule 54.1(f)(3) provides that witness fees are taxable "to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." LR54.1(f)(3).  Further, Local Rule 54.1(f)(3) expressly states that "fees for expert witnesses are not taxable in an amount greater than statutorily allowable for ordinary witnesses."  Id.  Under Section 1821(a)(2), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance."  See 28 U.S.C. § 1821(b).

Plaintiff requests $760.00 for the one-day attendance fee for the deposition of David Rovinsky, M.D. and $5,015.00 for the one-day attendance fee of Alyssa Carnegie, M.D. for trial.  See ECF No. 218-1 ¶ 9; ECF No. 218 at 18, 19.

The Court FINDS that Plaintiff is entitled to costs for expert witness fees at the statutory allowable rate of $40.00 per day for each expert witness for a total of $80.00. The Court FINDS that the remaining witness fees are not taxable.

Plaintiff also requests an additional $195.64 in costs related to Dr. Carnegie's travel. See ECF No. 218 at 1, 20-23. Under Section 1821(c), actual expenses for witness travel are allowable. See 28 U.S.C. 1821(c). The Court finds that Plaintiff is entitled to costs for Dr. Carnegie's travel including $156.00 for airfare, $24.64 for transportation from the airport, and $15.00 for parking at the airport.[4] See ECF No. 218 at 20-23. The Court FINDS that Plaintiff is entitled to $195.64 in costs for Dr. Carnegie's travel.

### F. Other Costs

Plaintiff seeks an award of $2,590.64 in "other" costs. See ECF No. 218 at 1. In the itemization provided, Plaintiff details that these costs are for postage, obtaining medical records, private investigator fees, courier services, and legal research. See ECF No. 218 at 3.

### 1. Postage

---

[4] Based on the invoices provided, it appears that Plaintiff is seeking duplicative costs of $15.00 for airport parking. Compare ECF No. 218 at 19 (reflecting witness fees of $5,015.00 including "Airport Parking Expense - $15.00") with ECF No. 218 at 23 (receipt for $15.00 for airport parking). Because the Court finds that Plaintiff is not entitled to the witness fee as requested, the parking costs awarded are not duplicative.

Plaintiff requests $23.41 for postage. See ECF No. 218 at 3. "Postage is not a cost listed in section 1920 and is not taxable as a cost." Yasui, 78 F. Supp. 2d at 1126. The Court FINDS that Plaintiff is not entitled to costs for postage.

### 2. Records

Plaintiff requests $639.18 for costs related to obtaining copies of Plaintiff's medical records and provides the invoice for each of the records obtained. See ECF No. 218 at 3, 27-34. Although categorized by Plaintiff as "other" costs, the Court finds that these costs are taxable as fees for printing under Section 1920(3). The Court FINDS that Plaintiff is entitled to $639.18 for costs related to obtaining copies of Plaintiff's medical records.

### 3. Private Investigator

Plaintiff requests $649.22 for costs related to hiring a private investigator fees to locate a key witness. See ECF No. 218 at 3, 35; ECF No. 219 at 12-13. Plaintiff provides no applicable authority to support his request for these costs. See id. Other district courts have held that fees for private investigators are not taxable costs. See, e.g., HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 958 (D. Ariz. 2013) ("The cost of hiring an investigator to locate [defendant] for service of process is not a 'service fee,' rather it is an investigatory fee that is generally not recoverable."); Century 21 Real Estate, LLC. v. Heritage Real Estate, Inc., 2007

WL 2023552, at *10 (N.D. Cal. July 6, 2007) ("charges by a private investigator do not constitute taxable costs"). The Court FINDS that Plaintiff is not entitled to costs for a private investigator.

### 4. Courier Services

Plaintiff requests $49.16 for courier costs. See ECF No. 218 at 3. "Courier costs are not listed in section 1920 and are not taxable as costs." Yasui, 78 F. Supp. 2d at 1126. The Court FINDS that Plaintiff is not entitled costs for courier services.

### 5. Legal Research

Plaintiff requests $1,229.67 for legal research through Westlaw. See ECF No. 218 at 3. These costs are expressly prohibited by Local Rule 54.1(f)(5), which provides that "[e]lectronic or computer research costs are not taxable." LR54.1(f)(5). The Court FINDS that Plaintiff is not entitled to costs for electronic legal research.

## G. Conclusion

The Court finds that the following costs are taxable: $37.00 for juror information cards; $127.00 for fees related to service; $6,519.23 for transcripts;

$570.60[5] for printing; $421.25[6] for copying; $80.00 for witness fees; $195.64 for witness travel; $639.18 for costs related to obtaining copies of Plaintiff's medical records. In total, the Court RECOMMENDS that the district court award Plaintiff taxable costs in the amount of $8,589.90.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Bill of COSTS as MOOT and GRANT IN PART AND DENY IN PART Plaintiff's Amended Bill of Costs and TAX costs against Defendant Hawaiian Airlines, Inc. in the amount of $8,589.90.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 14, 2020.



Wes Reber Porter
United States Magistrate Judge

**ARMSTRONG v. HAWAIIAN AIRLINES, INC., ET AL.; CIVIL NO. 18-00326 ACK-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF JAMES ARMSTRONG'S BILL OF COSTS AND TO GRANT IN PART AND DENY IN PART PLAINTIFF'S AMENDED BILL OF COSTS**

---

[5] $1,056.45 requested - $81.30 unexplained discrepancy - $404.55 deducted for copies of filings and court orders = $570.60.

[6] $844.92 requested – $423.67 for insufficient description = $421.25.